IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON TRADEMARK SERVICES, LLC,
and VERIZON LICENSING COMPANY,

      Plaintiffs,

CASE NO.: 8:10-cv-00665-VMC-TGW

vs.

THE PRODUCERS, INC.; INTERCOSMOS
MEDIA GROUP INC. d/b/a DIRECTNIC.COM;
DIRECTNIC, L.L.C.; DIRECTNIC, LTD.; DOMAIN
CONTENDER, L.L.C.; SIGMUND J. SOLARES;
MICHAEL H. GARDNER; NOAH S. LIESKE,
and DOES 1-10,

      Defendants.
_____/

## NOTICE OF FILING

Defendants, Intercosmos Media Group, Inc., directNIC, LLC, and Domain Contender, LLC, give notice of filing the Affidavit of David Vinterella in support of Intercosmos Media Group, Inc.s', directNIC, LLC's and Domain Contender, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed

the foregoing document and the notice of electronic filing by first-class mail any non-CM/ECF participants.

                                          s/V. Stephen Cohen
                                          V. Stephen Cohen, Esq.
                                          scohen@wsmslaw.com
                                          Florida Bar No. 0948756
                                          William J. Schifino, Jr., Esq.
                                          bschifino@wsmslaw.com
                                          Florida Bar No. 564338
                                          Joseph T. King, Esq.
                                          jking@wsmslaw.com
                                          Florida Bar No. 0637051
                                          Williams Schifino Mangione & Steady, P.A.
                                          P.O. Box 380
                                          Tampa, Florida  33601-0380
                                          (813) 221-2626 (telephone)
                                          (813) 221-7335 (facsimile)
                                          Attorneys for Defendants, Intercosmos Media Group, Inc., directNIC, LLC, and Domain Contender, LLC,

::ODMA\PCDOCS\DOCS\253416\1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON TRADEMARK SERVICES, LLC,
and VERIZON LICENSING COMPANY,

    Plaintiffs,

CASE NO.: 8:10-cv-00665-VMC-TGW

vs.

THE PRODUCERS, INC.; INTERCOSMOS
MEDIA GROUP INC. d/b/a DIRECTNIC.COM;
DIRECTNIC, L.L.C.; DIRECTNIC, LTD.; DOMAIN
CONTENDER, L.L.C.; SIGMUND J. SOLARES;
MICHAEL H. GARDNER; NOAH S. LIESKE,
and DOES 1-10,

    Defendants.
_____/

## AFFIDAVIT OF DAVID VINTERELLA

STATE OF LOUISIANA

PARISH OF ORLEANS

The undersigned, being duly sworn, deposes and says as follows:

1. My name is David Vinterella.

2. I am over the age of 18 and have personal knowledge of all facts set forth in this Affidavit.

3. From their inception through today, I have served as the Vice President of Intercosmos Media Group, Inc. d/b/a directNIC.com ("IMG"); directNIC, LLC ("DNLLC"); and Domain Contender, LLC ("DC").

4. I currently reside in Louisiana.

5. IMG was incorporated in Delaware in 1999. IMG's principal place of business has always been located in the State of Louisiana. IMG has always operated from New Orleans, Louisiana.

6. IMG has maintained a license to conduct business in Louisiana since 2000.

7. Directnic, LLC ("DNLLC") is a Louisiana limited liability company whose principal place of business has always been in New Orleans, Louisiana.

8. Domain Contender, LLC ("DC") is a Louisiana limited liability company, whose principal place of business has always been in New Orleans, Louisiana. DC has been licensed to conduct business in Louisiana since 2003.

9. When DNLLC was formed, The Producers, Inc. ("TPI") owned DNLLC's outstanding membership units. TPI acted as a holding company for DNLLC. In 2007, DNLLC's outstanding membership units were transferred to IMG. Since 2007, IMG has owned 100% of the outstanding membership units of DNLLC.

10. DC was originally owned by individual shareholders. In 2006, DC's membership units were transferred to DNLLC. Since 2006, DNLLC has owned 100% of the outstanding membership units of DC.

11. DC is a wholly-owned subsidiary of DNLLC. In turn, DNLLC is a wholly-owned subsidiary of IMG. For the remainder of this Affidavit, I will refer to IMG, DNLLC, and DC, collectively, as the "Defendants."

12. At all times, IMG and DC operated from the same New Orleans, Louisiana address (see ¶ 5, above).

13. DNLLC is licensed to conduct business in Louisiana since 2006. Originally created to serve as an independent registrar of domain names accredited by ICANN, DNLLC has never actually carried on this business function in either the State of Louisiana or in any other state or foreign jurisdiction. Instead, DNLLC has served various ministerial and administrative functions for IMG's and DC's businesses since its formation in 2006. DNLLC has served in these capacities solely from Louisiana, and has had no business in Florida.

14. In 2000, IMG began offering domain name registration services as a reseller of

2

Internet second-level domain ("SLD") names. IMG used the trade name "directNIC" that was registered with the City of New Orleans. Additionally, IMG registered the SLD name <directnic.com> to offer its service to the public.

15. The directNIC trade name was solely owned and used by IMG in furtherance of its domain name registration service from 2000 to January 2009.

16. From 2001 through 2008, IMG functioned as a registrar of domain names accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN").

17. From 2003 to February 12, 2009, DC registered domain names as an ICANN-accredited registrar at http://domaincontender.com.

18. IMG's and DC's network of computer servers used to run its business was always located in New Orleans, Louisiana.

19. The Defendants have not, and do not, operate, conduct, engage in, or carry on business within Florida.

20. The Defendants have never owned, used, possessed, or held a mortgage or other lien on any real property within the State of Florida.

21. The Defendants have no real property or personal property in Florida.

22. The Defendants do not now, and never have, maintained any office or place of business in Florida.

23. The Defendants do not now, and never have, purchased or sold goods in Florida, engaged in or solicited business in Florida, or advertised in Florida.

24. The Defendants have never maintained a lawsuit in Florida, do not pay taxes, and are not required to pay taxes in Florida, and have never availed themselves of the benefits or protections of the laws of the State of Florida.

25. IMG and DC have always conducted their domain name registration business from their New Orleans, Louisiana office, completely independent of the other corporate Defendants

3

in this lawsuit.

26. IMG's 2008 occupational license under the "directNIC" trade name lists IMG's business location as New Orleans, Louisiana. See Exhibit "A."

27. DC's 2009 occupational license lists DC's business location as New Orleans, Louisiana. See Exhibit "B."

28. IMG and DC have never operated their domain registration business from Florida, or in conjunction with the other corporate Defendants.

29. On January 1, 2006, 100% of IMG's stock was transferred to co-Defendant, TPI. TPI is a Florida corporation.

30. TPI held the IMG stock for one year, until January 1, 2007, when the IMG stock was redistributed to individual shareholders.

31. After January 1, 2007, TPI no longer had any ownership interest in IMG.

32. During the one year period from January 1, 2006 through January 1, 2007, TPI, acted solely as a holding company for IMG stock.

33. With the exception of serving as payroll administrator for a period of time, TPI had no involvement or connection with the IMG's domain name registration business.

34. IMG always operated independent of TPI. IMG was never an "alter ego" of TPI.

35. The Plaintiffs' assertion that the Defendants operated with the other corporate Defendants in the operation of a domain registration business purportedly in Tampa, Florida is false. IMG, DNLLC, and DC have always conducted business independently from their New Orleans, Louisiana office.

36. The Defendants are foreign corporations and limited liability companies, and are not licensed nor authorized to conduct business in Florida.

37. The Defendants have no office, agency, affiliates, employees, or agents in Florida.

38. IMG and DC strictly operated in an office in New Orleans, Louisiana collectively for

over 10 years.

39. IMG and DC's business, operating equipment, and employees are located in New Orleans, Louisiana.

40. IMG and DC's board members would meet in the New Orleans, Louisiana office to pass corporate resolutions and document corporate minutes.

41. IMG and DC's Websites never "targeted" the State of Florida.

42. In January, 2009, IMG transferred its ICANN accreditation to Defendant, directNIC, Ltd. ("DNLTD"). With this transfer, DNLTD now operates the http://directnic.com Website. DNLTD is a Swiss/Cayman company, with its principal place of business located in the Cayman Islands.

43. IMG, DC, and DNLLC, remain active companies solely in Louisiana. As set forth above, the companies have not, and they still do not, conduct business within the State of Florida.

FURTHER AFFIANT SAYETH NOT.

*David Vinterella* (signature)
DAVID VINTERELLA

STATE OF LOUISIANA
PARISH OF ORLEANS

The foregoing instrument was acknowledged before me this 25th day of May, 2010, by David Vinterella, who (✓) is personally known to me; or ( ) has produced _____ as identification.
My commission expires: death

_F. Otway Denny III_ 01825
(Printed Name)
Notary Public – State of Louisiana

::ODMA\PCDOCS\DOCS\253297\1

5