UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| VERIZON TRADEMARK SERVICES, LLC<br>and VERIZON LICENSING COMPANY, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>THE PRODUCERS, INC., et al.<br><br>Defendants. | CASE NO.: 8:10-cv-00665-VMC-EAJ |

## MOTION FOR LEAVE TO REPLY TO PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, Intercosmos Media Group, Inc. ("IMG"), Directnic, LLC ("DNLLC"), Directnic, Ltd. ("DNLTD"), and Domain Contender, LLC ("DC") (collectively, "Defendants"), pursuant to Local Rule 3.01(c), request leave to file a reply to Plaintiffs' Opposition to Motions to Dismiss for Lack of Personal Jurisdiction (Docket No. 41) (the "Opposition Motion") for the following reasons:

1. The jurisdictional allegations of the Complaint are set forth in paragraphs 1 through 28 of that pleading. In fact, paragraphs 2 through 28 are titled – "PARTIES, PERSONAL JURISDICTION, AND VENUE" (emphasis added).

2. With respect to personal jurisdiction over IMG, DNLLC, and DNLTD, the Plaintiffs assert:

> This Court has personal jurisdiction over [the Defendant] because [the Defendant] has conducted systematic and continuous business within Florida acting as part of a consolidated group of companies that operate the registrar business that uses the domain name directNIC.com. This consolidated group of companies has an office located in Tampa, Florida.

(Compl. ¶¶ 8, 11, and 14).

3. With respect to DC, the Plaintiffs assert that: "This Court has personal jurisdiction over [DC], because it has conducted systematic and continuous business within Florida." (Compl. ¶ 17).

4. Nowhere in the section of the Complaint titled "<u>PARTIES, PERSONAL JURISDICTION, AND VENUE</u>," do the Plaintiffs assert the "alter ego" doctrine as a basis for personal jurisdiction, nor does that phrase even appear within the Plaintiffs' jurisdictional allegations.

5. The phrase "alter ego" is buried deep within the Complaint (at paragraph 86). However, there is no apparent nexus between the doctrine and Plaintiffs' jurisdictional predicate.

6. On May 25, 2010, the Defendants filed Motions to Dismiss for Lack of Personal Jurisdiction (<u>see</u> Docket Nos. 33 and 35) (the "Motions").

7. In the Motions, the Defendants do not focus on, and in fact only briefly mention "alter ego."[1] Based on the Plaintiffs' jurisdictional allegations, the Defendants reasonably believed that Plaintiffs were asserting personal jurisdiction based on the "consolidated ... companies" with an alleged office in Tampa, and alleged "systematic and continuous business". Accordingly, the Motions focus on these issues.

8. On June 8, 2010, the Plaintiffs filed their Opposition Motion.

9. In the Opposition Motion, the Plaintiffs assert personal jurisdiction based in large part on an alter ego theory, and state that the Motions must be denied because the Defendants "failed to introduce any evidence to rebut the allegations, in paragraph 86 of the Complaint, that they are alter egos of the Florida Residents." (<u>See</u> Opposition Motion p. 10)

10. In the instant motion, Defendants seek leave to reply to the Plaintiffs' alter ego allegations. While federal pleading requirements are somewhat relaxed, a Plaintiff should not be allowed to hide its personal jurisdiction basis, and thereby avoid a legitimate challenge to jurisdiction.

---

[1] In the Motions, the Defendants note that "alter ego" can be a basis for jurisdiction, but state that "the Plaintiffs do not even attempt to plead an alter ego theory." (Motions pp. 7 and 9)

2

11. Here, it is not even remotely clear from the Complaint that the Plaintiffs are asserting alter ego as a basis for personal jurisdiction. As a result, the Defendants have not had an appropriate opportunity to address this specific issue.

WHEREFORE, the Defendants respectfully request this Court to allow the Defendants leave to file a 10 page reply memorandum and a 5 page (maximum) affidavit (if necessary) limited solely to the issue of alter ego as a basis for personal jurisdiction.

## MEMORANDUM OF LAW

Pursuant to Rule 8, F.R.C.P., a complaint must contain "a short plain statement of the grounds for the Court's jurisdiction. . . ." Here, the Plaintiffs do provide a short, plain statement. HOWEVER, alter ego is not a part of the jurisdictional allegations. Instead, the Plaintiffs hide that theory deep within the bowels of the Complaint, and with no clear nexus between the alter ego doctrine and personal jurisdiction. The Plaintiffs only raised the alter ego doctrine as a basis for jurisdiction after the Defendants responded to the jurisdictional allegations actually asserted in the Complaint.

The Defendants acknowledge that federal pleadings standards are relaxed. However, at least with respect to the alter ego doctrine and personal jurisdiction, the Plaintiffs have not engaged in notice pleading; instead they laid an ambush.

The Defendants' Motions are well taken. Given the jurisdictional allegations set forth in the Complaint, fairness requires that the Defendants be allowed to address the alter ego doctrine as a basis for personal jurisdiction.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that, on June 11, 2010, moving counsel conferred with opposing counsel with respect to the relief sought herein. Counsel were not able to agree on a resolution to this Motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 16, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail any non-CM/ECF participants.

        s/V. Stephen Cohen
        V. Stephen Cohen, Esq.
        scohen@wsmslaw.com
        Florida Bar No. 0948756
        William J. Schifino, Jr., Esq.
        bschifino@wsmslaw.com
        Florida Bar No. 564338
        Joseph T. King, Esq.
        jking@wsmslaw.com
        Florida Bar No. 0637051
        Williams Schifino Mangione & Steady, P.A.
        P.O. Box 380
        Tampa, Florida 33601-0380
        (813) 221-2626 (telephone)
        (813) 221-7335 (facsimile)

        Attorneys for Defendants Intercosmos Media Group Inc. d/b/a Directnic.com, directNIC, L.L.C., and Domain Contender, L.L.C.

::ODMA\PCDOCS\DOCS\254320\1