UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| VERIZON TRADEMARK SERVICES, LLC<br>and VERIZON LICENSING COMPANY, INC. | *<br>*<br>* | CASE NO.: 8:10-cv-00665-VMC-EAJ |
| | * | |
| Plaintiffs, | *<br>* | |
| | * | |
| vs. | *<br>* | |
| THE PRODUCERS, INC., INTERCOSMOS<br>MEDIA GROUP, INC. d/b/a DIRECTNIC.COM,<br>DIRECTNIC, LLC, DIRECTNIC LTD.,<br>DOMAIN CONTENDER, LLC,<br>SIGMUND J. SOLARES,<br>MICHAEL H. GARDNER,<br>NOAH S. LIESKE, and DOES 1-10, | *<br>*<br>*<br>*<br>*<br>*<br>* | |
| | * | |
| Defendants. | * | |

INTERCOSMOS MEDIA GROUP, INC.'s, DIRECTNIC, LLC's, DOMAIN
CONTENDER, LLC's, and DIRECTNIC, LTD.'s
REPLY MEMORANDUM TO OPPOSITION MEMORANDUM TO
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, Intercosmos Media Group, Inc. d/b/a directNIC.com ("IMG"), directNIC,

LLC ("DNLLC"), Domain Contender, LLC ("DC"), and directNIC, Ltd. ("DNLTD")

(collectively the "Company Defendants"), pursuant to Local Rule 3.01(c), and this Court's order

dated June 16, 2008, file this reply to Plaintiffs' Memorandum in Opposition to Motion to

Dismiss for Lack of Personal Jurisdiction ("Opposition").

I.    Introduction

In a desperate attempt to obtain personal jurisdiction over the Company Defendants,

Plaintiffs have introduced for the first time in their Opposition the theory that this Court can

utilize the "alter ego exception" to the Florida's long-arm statute to assert jurisdiction. In

essence, Plaintiffs argue that the Company Defendants are mere sham entities and/or alter egos

of the Florida resident Defendants, namely The Producers, Inc. ("TPI"), Mr. Solares ("Solares"),

Mr. Gardner ("Gardner"), and Mr. Lieske ("Lieske").[1]  Since this exception has not been

properly pled nor is it supported by the facts asserted by Plaintiffs, this Court should not

predicate personal jurisdiction over the Company Defendants under the alter ego exception to

section 48.193, Florida Statutes.

## II.    Personal Jurisdiction under the Alter Ego Theory

Florida courts have recognized that personal jurisdiction can be exercised over a

nonresident defendant pursuant to an alter ego theory, which stands as a limited exception to the

general two-step process for establishing long-arm jurisdiction under section 48.193, Florida

Statutes. *Bellairs v. Mohrmann*, 716 So. 2d 320, 322 (Fla. 2d DCA 1998).  To establish personal

jurisdiction under an alter ego theory, the complaint must allege facts sufficient to pierce the

corporate veil of the resident corporation. *Id.*  The Florida Supreme Court has held that in order

to pierce the corporate veil, one must prove *both* that the corporation is a "mere instrumentality"

or alter ego of the defendant *and* that the defendant engaged in "improper conduct" in the

formation or use of the corporation. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114,

1120-21 (Fla. 1984).

In their Opposition, Plaintiffs cite paragraph 86 of the Complaint, which presumably

forms their basis for obtaining personal jurisdiction over Company Defendants under the alter

ego theory.  Paragraph 86 of the Complaint alleges as follows:

> Plaintiffs are informed and believe, and on that basis allege, that *at all times material to this action*, each of the Defendants *and the False Identities*, was the agent, servant,

---

[1] The wording of the Complaint against the Company Defendants predicates personal jurisdiction solely under the Florida long-arm statute, mainly the general jurisdiction provision of section 48.193, Florida Statutes.  Nowhere in Paragraphs 8, 11, 14, and 17 (collectively the "Personal Jurisdiction Allegations") made against the Company Defendants have Plaintiffs alleged the alter ego theory of jurisdiction.

employee, partner, *alter ego*, subsidiary, or joint venturer of *each of the other Defendants and False Identities* and that the acts of each of the Defendants and each of the False Identities were in the scope of such relationship.

Compl., ¶ 86 (emphasis added).

According to the Complaint, the "False Identities" referred to in paragraph 86 consist of the following *shell companies* or identities as labeled by Plaintiffs: NOLDC, Inc., Spiral Matrix, Kenyatech a/k/a Kentech, Speedy Web, Unused Domains, and Belize WHOIS Service, Lt. (see Compl., ¶ 81).[2] None of these alleged False Identities is named as a defendant in this suit for the simple reason that Plaintiffs obviously do not attribute them as possessing any independent legal existence or identity.

The Company Defendants submit that the aforementioned factual allegation in the Complaint and the arguments made by Plaintiffs in their Opposition are fatal to any finding that the alter ego exception of long-arm personal jurisdiction exists in this case. Plaintiffs allege only that the *use* of Company Defendants was for an improper purpose; Plaintiffs have failed to plead any substantive facts showing that the Company Defendants are themselves mere *instrumentalities* or *alter egos*.

First, page 7 of Plaintiffs' Opposition states, "The Florida Residents [identified on page 1 of the Opposition as Solares, Gardner, and Lieske] registered these confusingly similar domain names [e.g., the Verizon-related domain names] with *IMG and DC.*" Second, paragraph 80 of the Complaint and pages 8 and 10 of Plaintiffs' Opposition state that Solares, Gardner, and Lieske used *shell-companies and false identities* [e.g., the False Identities] to conceal their true identities and their involvement in their alleged cyber squatting activities.[3] Finally, Plaintiffs state in their Opposition at page 7 that "these *shell companies* and *false identities* [e.g., the False

---

[2] Simply for ease of reference, Company Defendants will also refer to these entities as the "False Identities".
[3] Notably absent from Plaintiffs' argument is any substantive allegation that the Company Defendants used these alleged False Identities to conceal their identity in Plaintiffs' alleged cyber squatting scheme.

Identities] were listed as the *registrants* within the WHOIS records for ... the domain names that were confusingly similar to Plaintiffs' trademarks."

Read together, Plaintiffs' asserted that Solares, Gardner, and Lieske allegedly *used* the Company Defendants IMG and DC, in their capacity as registrars, for the *purpose* of registering the allegedly infringing domain names under false information (e.g., the alleged False Identities) that appeared in the WHOIS records for these domain names.[4]   Therefore, at best, Plaintiffs have simply alleged that these False Identities and/or shell companies were instrumentalities or alter egos of Solares, Gardner, and Lieske, not that the Company Defendants are themselves the instrumentalities or alter egos of any party.   However, the Florida Supreme Court has made it abundantly clear that one must plead *both* that the corporation is a mere *instrumentality or alter ego and* that the defendant engaged in *improper conduct* in the formation or *use* of the corporation. *Sykes*, 450 So. 2d at 1120-21.

In *Bellairs v. Mohrmann, supra,* 716 So. 2d 320, an amended third-party complaint alleged that Miracle Broadcasting, Inc. was the alter ego of its shareholders, which consisted of a group of nonresident individual principals.   The complaint specifically alleged that the corporation was a "hollow shell," that it "never had any existence separate and distinct from its shareholders," that the shareholders "failed to observe corporate formalities," that they failed to recognize the existence of the corporation as an entity in their own dealings, and that the corporation was a "mere instrumentality of its shareholders" and was used for improper conduct consisting of potentially actionable claims for "fraudulent representation, fraudulent concealment, interference with business relations, slander of title, conversion, fraud, malicious prosecution, and breach of contract." *Id.* at 323.

---

[4] There is an obvious distinction in the WHOIS records between the *registrant* of a domain name and the *registrar* of a domain name, the latter of which, Plaintiffs have not claimed was a False Identity.

The appellate court, in reviewing a dismissal of the complaint for want of personal jurisdiction, concluded that these "averments delineated by the appellants constitute a prima facie case for jurisdiction because they allege both that the resident corporation was a mere instrumentality of its shareholders, and that the corporation was used for improper conduct." *Id.* However, the appellate court went on to conclude that "because the Miracle Principals' affidavits conflicted with the affidavits filed by the appellants, the trial court should have conducted a limited evidentiary hearing to resolve the jurisdiction issue." *Id.* The matter was remanded to the trial court to conduct the requisite evidentiary hearing.

Subsequently, in *Bellairs v. Mohrmann*, 779 So. 2d 524 (Fla. 2d DCA 2000), the appellate court affirmed the decision of the trial court dismissing the complaint for lack of personal jurisdiction under the alter ego theory, and in its decision, the appellate court agreed that "Miracle Broadcasting, Inc. was not formed as a mere sham; it was formed for a legitimate purpose." *Id.* at 525.

Plaintiffs have not sufficiently pled any substantive facts showing that the Company Defendants were formed as sham entities. To the contrary, the Company Defendants, similar to the corporation in *Bellairs*, have established that they were formed for a legitimate purpose. Accordingly, this Court should not exercise personal jurisdiction over the Company Defendants under the alter ego exception. However, should this Court conclude that Plaintiffs have successfully pled an alter ego basis for personal jurisdiction, the Company Defendants believe that the evidence submitted to rebut Plaintiffs' contention has conflicted with the facts offered by Plaintiffs. Although the alter ego theory provides a limited exception to the ordinary two-step process for assessing the merits of personal jurisdiction, nevertheless, "if the opposing affidavits conflict with one another, the trial court "must hold a limited evidentiary hearing in order to

determine the jurisdiction issue." *Bellairs*, 716 So. 2d at 323 (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502-03 (Fla. 1989)).

Therefore, to the extent that Plaintiffs are entitled to any relief under the alter ego theory for personal jurisdiction, said relief would be limited to the benefit of participating in a limited evidentiary hearing in accordance with *Bellairs*. Plaintiffs are not entitled to have factual discrepancies automatically resolved in their favor due to conflicting affidavits as they have incorrectly maintained in their opposition memorandum.[5]

## III.   Personal Jurisdiction under the Florida Long-Arm Statute

Plaintiffs argue in their Opposition that this Court can exercise *general* jurisdiction over the Company Defendants on the allegation that the Company Defendants are the alter ego of TPI, Solares, Gardner, and Lieske. The Complaint, as well as Plaintiffs' Opposition, however, is self-defeating on this issue. The substantive "alter ego" allegations of the Complaint, as explained above, demonstrate that the entities alleged to be an alter ego of the Defendants are in reality the False Identities and shell companies Plaintiffs mention in paragraph 81 of the Complaint. For the same reasons and arguments articulated above, the Company Defendants respectfully submit that this Court lacks general jurisdiction over the Company Defendants on the theory that they are the alter ego of the resident defendants that are themselves subject to the general jurisdiction of this Court.[6]

---

[5] *See* Plaintiffs' Opposition at p. 12-13. Plaintiffs cite *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990) for the proposition that "where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.* at 1514. However, Plaintiffs conveniently fail to mention to this Court that this statement arose in the context of instances when a district court does not conduct an evidentiary hearing on a motion to dismiss for lack of jurisdiction. *Id.* at 1514.

[6] Plaintiffs advance a number of additional arguments, neither of which, supports either traditional or alter ego jurisdiction over the Company Defendants. Exhibit 12 to the Complaint fails to demonstrate that the Company Defendants engaged in a *general* course of business activity in Florida and Exhibit 6 fails to substantiate Plaintiffs' allegation that the Company Defendants solicited business in Florida. *See New Lenox Industries, Inc. v. Fenton*, 510 F.Supp. 2d 893, 902 (M.D. Fla. 2007) (defendants attending two trade shows in Florida insufficient to confer specific jurisdiction where there was no evidence that they purposely directed their sales efforts to Florida); *see also*

## IV.   <u>Constitutional Considerations for Personal Jurisdiction</u>

Plaintiffs argue that Company Defendants have established "minimum contacts" in the

forum state under the alter ego line of reasoning and the fact that the "registrar business sells

commercial domain name registration services to Florida residents, including Gardner, Lieske,

and Solares." Plaintiffs, however, mistakenly rely on the "Website classification framework" of

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) to incorrectly

suggest that this Court should apply this tier of Website categorization to find "minimum

contacts" on the part of Company Defendants.

The Eleventh Circuit has recently recognized the criticism surrounding application of the

*Zippo* framework, in which scholars have noted that the framework is too rigid in its application

and tends to ignore traditional due process analysis. *See Oldfield v. Pueblo De Bahia Lora, S.A.*,

558 F.3d 1210, 1220 (11th Cir. 2009). Furthermore, this Court has previously held that in the

context of domain names and Websites, "the Internet does not provide cause to abandon

traditional principles guiding the personal jurisdiction analysis." *Goforit Entertainment, LLC v.*

*Digimedia.com L.P.*, 513 F.Supp. 2d 1325, 1329 (M.D. Fla. 2007); *see also Estate of Fraser v.*

*Smith*, 2007 WL 5007084, at *8 (S.D. Fla. Nov. 13, 2007) (dismissing case for lack of personal

jurisdiction despite the existence of an interactive Website because there was no record of any

targeting of Florida residents).

The Websites previously operated by DC and IMG, as well as the site currently operated

by DNLTD, though interactive, have never targeted the State of Florida, and in the case of

DNLTD, the site does not presently target the forum state. Absent satisfaction of the traditional

---

*Geodetic Services, Inc. v. Metronor AS*, 2000 WL 1027222, at *5 (M.D. Fla. Feb. 9, 2000) (defendant that attended a
trade conference in Florida not subject to specific jurisdiction, even though it offered its products for sale, where
there was no evidence that defendant directed or suggested that the conference be held in Florida).

principles of personal jurisdiction, which Plaintiffs plainly fail to accomplish, personal jurisdiction over the Company Defendants based on their Website activity does not exist.

## V.    Conclusion

Based on the foregoing, the Company Defendants respectfully request that the Complaint be dismissed for lack of personal jurisdiction.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail any non-CM/ECF participants.

s/William J. Schifino, Jr
William J. Schifino, Jr., Esq.
wschifino@wsmslaw.com
Florida Bar No. 564338
Joseph T. King, Esq.
jking@wsmslaw.com
Florida Bar No. 0637051
Williams Schifino Mangione & Steady, P.A.
P.O. Box 380
Tampa, Florida  33601-0380
(813) 221-2626 (telephone)
(813) 221-7335 (facsimile)

Attorneys for Defendants Intercosmos Media Group Inc. d/b/a Directnic.com, directNIC, L.L.C., and Domain Contender, L.L.C.