UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON TRADEMARK SERVICES
LLC, et al.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　CASE NO: 8:10-cv-665-T-33EAJ

THE PRODUCERS, INC., et al.,

    Defendants.
_____/

## **ORDER**

This matter is before the Court pursuant to Plaintiffs Verizon Trademark Services, LLC, and Verizon Licensing Company's Response to the Court's Order to Show Cause Why This Action Should Not Be Dismissed as to Defendant Sigmund Solares (Doc. # 53), which they filed on August 23, 2010. Included within the response, Verizon Trademark Services, LLC, and Verizon Licensing Company moved the Court for an additional sixty (60) day extension of time in which to serve Defendant Sigmund Solares. Additionally, Verizon Trademark Services, LLC, and Verizon Licensing Company moved the Court for leave to effectuate substitute service. For the reasons that follow, the motion for extension is granted in part and the motion to effectuate substitute service is denied.

Plaintiffs Verizon Trademark Services, LLC, and Verizon Licensing Company filed the complaint in this case on March

19, 2010. (Doc. # 1). Pursuant to Rule 4(m), the time in which to serve process on Mr. Solares expired more than a month ago, on July 19, 2010. Verizon Trademark Services, LLC and Verizon Licensing Company failed to file a motion for extension of time before the 120 days in which to serve process on Mr. Solares expired, nor did they provide the Court with an update regarding their unsuccessful attempts to serve Mr. Solares until the Court ordered them to show cause on August 17, 2010. (Doc. # 52).

As such, Verizon Trademark Services, LLC and Verizon Licensing Company have already enjoyed a de facto thirty-six day extension after the expiration of the 120 days. This Court is mindful of its broad discretion over the manner in which it manages the cases before it, Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002), and finds that Verizon Trademark Services, LLC and Verizon Licensing Company's motion for sixty more days in which to serve Mr. Solares is not reasonable and appropriate under the circumstances.

For these reasons, the Court grants in part Verizon Trademark Services, LLC and Verizon Licensing Company's motion for an extension of time to serve Mr. Solares, up to and including September 24, 2010. This extension, in combination

with the de facto thirty-six day extension Plaintiffs have already enjoyed, yields a more than sixty day total extension. As stated in <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997), this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and the Court determines that it is appropriate to grant the motion for extension of time only to this extent.

Verizon Trademark Services, LLC and Verizon Licensing Company's additional request that they be allowed to serve Mr. Solares by substitute service under Florida Statute section 48.181(1) is not appropriately before this Court and lacks the required memorandum of law. <u>See</u> M.D. Fla. Local Rule 3.01(a). Should Verizon Trademark Services, LLC and Verizon Licensing Company choose to move this Court regarding substitute service, they may do so at the appropriate time by way of an appropriate motion and memorandum of law.

Additionally, the Court takes this opportunity to remind the parties that pursuant to Local Rule 3.05, their Case Management Report must be filed by Tuesday, September 7, 2010.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Verizon Trademark Services, LLC and Verizon Licensing Company's motion for extension of time (Doc. # 53) is **GRANTED**

in part, to the extent that they have up to and including September 24, 2010 in which to serve Sigmund Solares.

(2) Verizon Trademark Services, LLC and Verizon Licensing Company's motion to effectuate substitute service pursuant to Florida Statute section 48.181(1) (Doc. # 53) is **DENIED** for failure to comply with Local Rule 3.01(a).

(3) The parties must file their Case Management Report by Tuesday, September 7, 2010.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of August, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

4