UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

VERIZON TRADEMARK SERVICES, LLC
and VERIZON LICENSING COMPANY, INC.

Plaintiffs,

v.   CASE NO.: 8:10-cv-00665-VMC-EAJ

THE PRODUCERS, INC., et al.

Defendants.
_____/

### DEFENDANTS' MOTION FOR LEAVE TO REPLY TO PLAINTIFFS' OPPOSITION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, Intercosmos Media Group, Inc. ("IMG"), Directnic, LLC ("DNLLC"), Directnic, Ltd. ("DNLTD"), and Domain Contender, LLC ("DC") (collectively, "Defendants"), pursuant to Local Rule 3.01(c), request leave to file a reply to Plaintiffs' Opposition to Dismiss for Lack of Personal Jurisdiction filed by Intercosmos Media Group, Inc., Directnic, LLC, Directnic, Ltd. and Domain Contender, LLC (Docket No. 97) (the "Opposition Motion"). The grounds upon which this request is based and the reasons why it should be granted are as follows:

1. Throughout the majority of their Opposition Motion, Plaintiffs predicate their arguments for obtaining personal jurisdiction against the Defendants on the alter ego doctrine as an exception to statutory jurisdictional requirements.[1]

---

[1] Plaintiffs also argue that the separate motions to dismiss the Amended Complaint filed by the Defendants are essentially identical and advance the same arguments. In fact, the grounds for the two motions to dismiss the Amended Complaint are separate and distinct. This constitutes a second ground for Defendants' request for leave to reply.

2. Plaintiffs create the allegations needed for this exception, however, by attempting to establish a nexus between their general personal jurisdiction allegations pursuant to Florida's long-arm statute of "systematic and continuous contact"[2] with a subsequent allegation contained deep within the Amended Complaint that each Defendant, individual or otherwise, is the alter ego of the other Defendant[3] (the "Nexus").

3. Premised on this tenuous Nexus, Plaintiffs make strained statements in their Opposition Motion, each predicated on paragraph 86 of the Amended Complaint.[4] Thus far, all Defendants have either denied this paragraph or submitted an affidavit or declaration denying it.

4. Plaintiffs contend the Defendants failed to introduce any evidence[5] in support of their separate Motions to Dismiss the Amended Complaint, yet Plaintiffs cite either the affidavit or declaration filed by the Defendants in their Opposition Motion.[6]

5. Because the Opposition Motion is laced with distortions based on paragraph 86 of the Amended Complaint, Defendants seek leave to reply to the Plaintiffs' Opposition Motion. Inaccurate statements support Plaintiffs' assertions of personal jurisdiction pursuant

---

[2] Amended Complaint, ¶s 8, 11 and 14. These allegations are included under the Heading "PARTIES, JURISDICTION AND VENUE." The alter ego doctrine argument first appears in a separate section much later in the Amended Complaint.

[3] Amended Complaint, ¶ 86.

[4] "Furthermore, the Company Defendants operate an office in Tampa, Florida, and knowingly and repeatedly have solicited domain name business in Florida." Opposition Motion, Pg. 2, Section I. "In fact, the Company Defendants concede that jurisdiction based on an alter ego theory is proper." Opposition Motion, Pg. 8, Section III (A). "Since the Company Defendants did not dispute these allegations, the Court must accept as true that the Company Defendants are the alter egos of Florida residents Gardner, Lieske, and Solares." Opposition Motion, Pg. 10, Section III (B). "First, TPI and the Company Defendants have common directors, officers, managing members or owners (each of which is a Florida resident)." Opposition Motion, Pg. 11, Section III (C). Each of these statements is belied by filings in this cause.

[5] "The Motions To Dismiss filed by the Company Defendants should be denied because they failed to introduce any evidence to rebut the allegations in paragraph 86 of the Complaint [sic], that they are the alter egos of the Florida Residents." Opposition Motion, Pg. 9, Section III (B).

[6] See Radcliffe v. Gyves, 902 So. 2d 968, 972 (4th DCA Fla. 2005) (finding legal conclusions, in conjunction with factual denials, sufficient in affidavits to dismiss on jurisdictional grounds).

to the alter ego doctrine. Defendants will rebut claims by the Plaintiffs that Defendants failed to submit evidence contrary to Plaintiffs' claims concerning the applicability of the alter ego doctrine as an exception for personal jurisdiction. Further, Defendants seek to clarify the distinctions raised between the two separate Motions to Dismiss the Amended Complaint.

WHEREFORE, the Defendants respectfully request leave from this Court to file a ten (10) page reply memorandum and a five (5) page (maximum) Affidavit (if necessary) regarding the mischaracterized facts concerning the alter ego status as a basis for personal jurisdiction together with the distinctions between the two separate motions to dismiss filed by the Defendants.

## MEMORANDUM OF LAW

Pursuant to Rule 8, Fed.R.Civ.P., a pleading must set forth "a short and plain statement of the grounds upon which the Court's jurisdiction depends...." Although Plaintiffs provide a short, plain statement in the Amended Complaint beneath the heading, PARTIES, JURISDICTION AND VENUE, the majority of Plaintiff's jurisdictional arguments in the Opposition Motion focus on the alter ego doctrine through an allegation contained much further within the Amended Complaint.

While federal pleading standards are relaxed, misstatements of fact[7] contained within the Opposition Motion distort this Court's analysis of the notice pleading required for the personal jurisdictional element. Fundamental fairness requires that Defendants be allowed to address the factual misstatements associated with Plaintiffs' application of the alter ego doctrine as a basis for this Court's exercise of personal jurisdiction over the Defendants.

---

[7] *See Ottaviano v. Nautilus Insurance Company*, 2009 WL 425976 (M.D. Fla. 2009) (*slip copy*).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that, on November 23rd, 2010, moving counsel conferred with opposing counsel with respect to the relief sought herein. Counsel was not able to agree with opposing counsel on a resolution to this Motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 24, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

        s/Joseph T. King
        William J. Schifino, Jr., Esq.
        bschifino@wsmslaw.com
        Florida Bar No. 564338
        Joseph T. King, Esq.
        jking@wsmslaw.com
        Florida Bar No. 0637051
        Williams Schifino Mangione & Steady, P.A.
        P.O. Box 380
        Tampa, Florida 33601-0380
        (813) 221-2626 (telephone)
        (813) 221-7335 (facsimile)

        Attorneys for Defendants Intercosmos Media Group Inc. d/b/a Directnic.com, directNIC, L.L.C., and Domain Contender, L.L.C.

::ODMA\PCDOCS\DOCS\263611\1