UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON TRADEMARK SERVICES LLC;
and VERIZON LICENSING COMPANY,
       Plaintiffs,
v.

THE PRODUCERS, INC.; INTERCOSMOS
MEDIA GROUP INC. d/b/a DIRECTNIC.COM;
DIRECTNIC, L.L.C.; DIRECTNIC LTD.;
DOMAIN CONTENDER, L.L.C.; SIGMUND J.
SOLARES; MICHAEL H. GARDNER;
NOAH S. LIESKE; and DOES 1-10,
       Defendants.

Case No. 8:10-cv-00665-VMC-EAJ

**DEFENDANT SIGMUND J. SOLARES' MOTION FOR LEAVE TO REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT SIGMUND J. SOLARES' MOTION TO DISMISS THE AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS OR TO QUASH SERVICE OF PROCESS**

    Defendant Sigmund J. Solares requests leave to file a reply to Plaintiffs' Opposition to the Motion to Dismiss the Amended Complaint for Insufficient Service of Process or to Quash Service of Process (Docket No. 101) (the "Opposition Brief"), and states as follows:

    1.    Plaintiffs misrepresent material facts in order to support their argument that Mr. Solares is evading service of process. Plaintiffs state that Mr. Solares "contends that he never received, nor rejected delivery of, the Notice of Lawsuit or the Service Package and never asked his neighbors to pick up his mail." *See* Opposition Brief at 9. Plaintiffs then assert that a process server hired by Plaintiffs observed Mr. Solares' neighbor retrieving mail and FedEx packages from Mr. Solares' residence in Tampa, Florida and that the neighbor admitted to retrieving Mr. Solares' mail. *See* Opposition Brief at 9. Plaintiffs then imply that either Mr. Solares' declaration was inaccurate or Mr. Solares' "neighbor violated federal law by picking up Solares' mail, bringing it into the neighbor's home, and failing to turn over the mail to Solares." *See* Opposition Brief at 9-10.

2. In making this argument, Plaintiffs knowingly misrepresent facts to the Court. A process server hired by Plaintiffs spoke with Mr. Solares' neighbor, Manuel Sanchez. As Plaintiffs' assert, Mr. Sanchez informed the process server that he had retrieved mail from the Tampa House. However, as will be proved by the Declaration of Manuel Sanchez, Plaintiffs' omitted a material portion of the conversation between the process server and Mr. Sanchez.

3. In his declaration, Mr. Sanchez states that Mr. Solares has not asked Mr. Sanchez to pick up any of Mr. Solares' mail. Without any request from Mr. Solares, Mr. Sanchez has occasionally picked up Mr. Solares' mail when Mr. Sanchez noticed that Mr. Solares' mailbox was full. He did this voluntarily as a concerned neighbor. More importantly, when Plaintiffs' process server spoke to Mr. Sanchez, *Mr. Sanchez told the process server that while he had picked up a few pieces of Mr. Solares' mail voluntarily, Mr. Solares had not asked him to do so.* As well, Mr. Sanchez told the process server that he had not delivered any of the mail to Mr. Solares, nor did Mr. Sanchez know where Mr. Solares was traveling nor have any contact information for Mr. Solares.

4. Based on Mr. Sanchez's declaration, it is clear that Plaintiffs presented a false premise to the Court when Plaintiffs implied that the fact that Mr. Sanchez admitted to retrieving Mr. Solares' mail showed that Mr. Solares' declaration was inaccurate. When recounting the conversation in the process server's declarations and in the Opposition Brief, Plaintiff omitted the fact that Mr. Sanchez informed the process server that Mr. Solares has not asked Mr. Sanchez to pick up his mail and that Mr. Sanchez has not delivered any mail to Mr. Solares.

5. The Amended Declaration of Mr. Solares and the Declaration of Mr. Sanchez provide the material facts omitted from the process server's declarations. Importantly, many of the facts occurred after Mr. Solares filed his Motion to Dismiss.

6.  Mr. Solares also seeks to respond to Plaintiffs' legal argument regarding the procedure to effectuate substituted service of process under Florida Statute Section 48.161. Specifically, Plaintiffs present case law to support their contention that a showing that a defendant is concealing his whereabouts negates the requirement to obtain a signed return receipt, but this assertion is clearly contradicted by more recent case law. *See* Opposition Brief at 14-15.  In order to establish that substituted service on a defendant is proper, a plaintiff must show that a defendant is concealing his whereabouts. The requirement to show that a defendant refused delivery of substituted process is a separate showing necessary to waive one of the procedural requirements necessary to effectuate substituted service – the requirement to obtain a signed return receipt.  Plaintiffs attempt to explain away such case law by distinguishing the facts of such cases concerning whether the defendants in such cases were evading service of process. Plaintiffs attempt ignores the fact that these cases establish that a showing that a defendant is evading service of process only establishes that substituted service is proper.  It does not waive the return receipt requirement.

WHEREFORE, Defendant Sigmund J. Solares respectfully requests leave from this Court to file two declarations and a maximum seven (7) page reply memorandum responding to Plaintiffs' mischaracterization of material facts and to Plaintiffs' assertions regarding the case law construing Florida Statute Section 48.161.

## MEMORANDUM OF LAW

Plaintiffs have mischaracterized facts necessary for this Court to adequately rule on Mr. Solares' Motion to Dismiss the Amended Complaint for Insufficient Service of Process or to Quash Service of Process and have presented case law that should not apply to this case.  Such grounds warrant the filing of a reply memorandum in order to fully brief the Court on these issues.  *See Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976 *1, *1 (M.D.F.L. Feb. 19, 2009).

876414.2

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned certifies that, on December 7, 2010, moving counsel conferred with opposing counsel with respect to the relief sought herein. Counsel was not able to agree with opposing counsel on a resolution to this motion.

BUSH ROSS, P.A.

By: *J. Carter Andersen*
    J. Carter Andersen
    Florida Bar No. 0143626
    P.O. Box 3913
    Tampa, FL 33601-3913
    (813) 224-9255; (813) 223-9620 – fax
    Attorneys for Defendant Sigmund J. Solares

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2010, I electronically filed a true and correct copy of the foregoing Motion to Dismiss the Amended Complaint for Insufficient Service of Process or to Quash Service of Process with the Clerk of the United States District Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the following parties in the manner of service indicated below:

                                              */s/ J. Carter Andersen*
                                              ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Joseph T. King
Jason H. Korn
Howard A. Kroll
David Todd Lupo
John Nicholas Muratides
Mimi L. Sall
William J. Schifino, Jr.
David J. Steele
Frederick L. Tolhurst