UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON TRADEMARK SERVICES,
LLC and VERIZON LICENCING
COMPANY, INC.,

    Plaintiffs,        Case No.: 8:10-cv-665-T-33EAJ

v.

THE PRODUCERS, INC., ET AL.,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiffs' Amended Request for Judicial Notice (Doc. # 117), which was filed on January 6, 2011. Defendants filed a Response in Opposition (Doc. # 120) on January 20, 2011. For the reasons stated herein, the motion is **GRANTED**.

## Analysis

Pursuant to Federal Rule of Evidence 201, Plaintiffs request that the Court take judicial notice of the complaint filed in the case of <u>Mark Deshong v. Keypath, LLC, et al.</u>, Case No. 8:10-cv-1731-T-33TBM.

Rule 201(d) of the Federal Rules of Evidence states, "A court shall take judicial notice if requested by a party and supplied with the necessary information." In this case, Plaintiffs have supplied the Court with a copy of the Deshong

-1-

complaint.

"It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(internal citations omitted).

Defendants oppose the motion for judicial notice, arguing that "the allegations in the Deshong complaint may not be accurately and readily determined by consulting 'sources whose accuracy cannot reasonably be questioned.'" (Doc. # 120 at 2)(citing Fed. R. Evid. 201(b)(2)). The Court finds this argument unavailing. It cannot be disputed that the Deshong complaint was filed in Case No. 8:10-cv-1731-T-33TBM. The undersigned was the district court assigned to the Deshong case, and Plaintiffs have filed an identical copy of the Deshong complaint as an exhibit to the motion. (Doc. # 117-1). Plaintiffs do not seek a finding from this Court that the allegations of the Deshong complaint are true. Rather, they seek judicial notice of the filing of the complaint and the subject matter of the complaint.

The Court takes judicial notice of the Deshong complaint "for the limited purpose of recognizing . . . the subject

-2-

matter of the litigation." <u>Jones</u>, 29 F.3d at 1553.  The Court does not take judicial notice of accuracy of the factual allegations contained within the complaint.  Rather, the Court takes judicial notice only of the fact that such allegations were advanced in the complaint.[1]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Amended Request for Judicial Notice (Doc. # 117) is **GRANTED** consistent with the foregoing.

**DONE** and **ORDERED** in chambers in Tampa, Florida, this <u>27th</u> day of January 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] As stated in <u>Jones</u>, 29 F.3d at 1553:

In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. <u>Id</u>. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. <u>Id</u>. Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.

Copies to: All Counsel of Record