**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VERIZON TRADEMARK SERVICES, LLC,
and VERIZON LICENSING COMPANY,

        Plaintiffs,                       CASE NO.:  8:10-cv-00665-VMC-EAJ

v.

THE PRODUCERS, INC.; INTERCOSMOS
MEDIA GROUP INC. d/b/a DIRECTNIC.COM;
DIRECTNIC, L.L.C.; DIRECTNIC, LTD.; DOMAIN
CONTENDER, L.L.C.; SIGMUND J. SOLARES;
MICHAEL H. GARDNER; NOAH S. LIESKE;
and DOES 1-10,

        Defendants.

_____/

**DEFENDANT SIGMUND J. SOLARES'
ANSWER AND DEFENSES TO THE AMENDED COMPLAINT**

        Defendant, Sigmund J. Solares, by and through undersigned counsel, hereby submits this

Answer to the Amended Complaint, and states:

**ANSWER**

        1.      Without knowledge and therefore denied.

        2.      Without knowledge and therefore denied.

        3.      Without knowledge and therefore denied.

        4.      Without knowledge and therefore denied.

        5.      Without knowledge and therefore denied.

        6.      Without knowledge and therefore denied.

        7.      Without knowledge and therefore denied.

        8.      Without knowledge and therefore denied.

9.      Without knowledge and therefore denied.

10.     Without knowledge and therefore denied.

11.     Without knowledge and therefore denied.

12.     Without knowledge and therefore denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Without knowledge and therefore denied.

17.     Without knowledge and therefore denied.

18.     Without knowledge and therefore denied.

19.     The Plaintiff's allegation that Mr. Solares is an individual residing in Tampa, Florida calls for a legal conclusion and is therefore denied.   Denied that Mr. Solares in concealing his whereabouts.  Otherwise, without knowledge and therefore denied.

20.     Denied.

21.     Denied.

22.     Without knowledge and therefore denied.

23.     Without knowledge and therefore denied.

24.     Without knowledge and therefore denied.

25.     Without knowledge and therefore denied.

26.     Without knowledge and therefore denied..

27.     Without knowledge and therefore denied.

28.     Without knowledge and therefore denied.

29.     Without knowledge and therefore denied.

30.     Without knowledge and therefore denied.

31.     Without knowledge and therefore denied.

32.     Without knowledge and therefore denied.

33.     Without knowledge and therefore denied.

34.     Without knowledge and therefore denied.

35.     Without knowledge and therefore denied.

36.     Without knowledge and therefore denied.

37.     Without knowledge and therefore denied.

38.     Without knowledge and therefore denied.

39.     Without knowledge and therefore denied.

40.     Without knowledge and therefore denied.

41.     Without knowledge and therefore denied.

42.     Without knowledge and therefore denied.

43.     Without knowledge and therefore denied.

44.     Without knowledge and therefore denied.

45.     Without knowledge and therefore denied.

46.     Without knowledge and therefore denied.

47.     Without knowledge and therefore denied.

48.     Without knowledge and therefore denied.

49.     Without knowledge and therefore denied.

50.     Without knowledge and therefore denied.

51.     Without knowledge and therefore denied.

52.     Without knowledge and therefore denied.

53.     Without knowledge and therefore denied.

54.     Without knowledge and therefore denied.

55.     Without knowledge and therefore denied.

56.     Without knowledge and therefore denied.

57.     Without knowledge and therefore denied.

58.     Without knowledge and therefore denied.

59.     Denied.

60.     Admitted.

61.     Admitted.

62.     Admitted that Mr. Solares is presently or was at one time a director or owner of Intercosmos.  Otherwise, denied.

63.     Admitted that Lieske is presently or was at one time a director or owner of Intercosmos.  Otherwise, denied.

64.     Admitted that Gardner is presently or was at one time a director or owner of Intercosmos.  Otherwise, denied.

65.     Admitted.

66.     Without knowledge and therefore denied.

67.     Admitted that Mr. Solares is presently or was at one time an officer, director, or managing member of the Cayman Islands registered company DirectNIC Ltd.

68.     Admitted.

69.     Admitted.

70.     Denied.

71.     Admitted.

72.     Denied.

73.     Admitted that Mr. Solares is presently or was at one time a director or owner of The Producers.  However, to the extent the allegations of paragraph 73 rely on Exhibit 5 to the Amended Complaint, they are denied.

74.     Admitted that Gardner is presently or was at one time a director or owner of The Producers.  However, to the extent the allegations of paragraph 73 rely on Exhibit 5 to the Amended Complaint, they are denied.

75.     Admitted that Lieske is presently or was at one time a director or owner of The Producers.  However, to the extent the allegations of paragraph 73 rely on Exhibit 5 to the Amended Complaint, they are denied.

76.     Denied.

77.     Admitted that Mr. Solares is presently or was at one time a director or owner of Domain Contender.  However, to the extent the allegations of paragraph 77 rely on Exhibit 5 to the Amended Complaint, they are denied.

78.     Admitted that Lieske is presently or was at one time a director or owner of Domain Contender.  However, to the extent the allegations of paragraph 77 rely on Exhibit 5 to the Amended Complaint, they are denied.

79.     Admitted that Gardner is presently or was at one time a director or owner of Domain Contender.  However, to the extent the allegations of paragraph 77 rely on Exhibit 5 to the Amended Complaint, they are denied

80.     Denied.

81.     Denied.

82.     Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Without knowledge and therefore denied.

95.    Denied.

96.    Without knowledge and therefore denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Mr. Solares reallages and incorporates paragraphs 1 through 112 above  as if fully set forth herein.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

## FIRST AFFIRMATIVE DEFENSE – UNCLEAN HANDS

133.    Some or all of Plaintiffs' claims and/or remedies are barred in whole or in part by the doctrine of "unclean hands."

## SECOND AFFIRMATIVE DEFENSE – ESTOPPEL

134.    Some or all of Plaintiffs' claims and/or remedies are barred in whole or in part by estoppel.

## THIRD AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

135.    Some or all of Plaintiffs' claims and/or remedies are barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE – LACHES

136.    Some or all of Plaintiffs' claims and/or remedies are barred in whole or in part by the doctrines of laches.

## FIFTH AFFIRMATIVE DEFENSE – ACPA IMMUNITY

137.    Defendants are immune from liability in whole or in part pursuant to the Anticybersquatting Consumer Protection Act, including 15 U.S.C. § 1114(D)(iii).

## SIXTH AFFIRMATIVE DEFENSE – CDA IMMUNITY

138.    Defendants are immune from liability in whole or in part pursuant to the Communications Decency Act, including 47 U.S.C. § 230.

## SEVENTH AFFIRMATIVE DEFENSE – ACTIONS PERMITTED BY CONTRACT

139.    Defendants are contractually permitted by ICANN to operate an SLD name private or "proxy" registration protection service.

## EIGHTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

140.    Plaintiffs have not taken sufficient steps to mitigate its damages, if any.

## DEMAND FOR JURY TRIAL

Defendant Sigmund J. Solares demands a jury trial on all issues so triable.


DATED:  August 30, 2011                    Respectfully Submitted,

                                           */s/ Joshua A. Mize*
                                           J. Carter Andersen, Esq.
                                           Florida Bar No. 0143626
                                           candersen@bushross.com
                                           Joshua A. Mize, Esq.
                                           Florida Bar No. 0086163
                                           jmize@bushross.com
                                           BUSH ROSS, P.A.
                                           P.O. Box 3913
                                           Tampa, FL  33601-3913
                                           (813) 224-9255
                                           (813) 223-9620 fax
                                           *Attorneys for Defendant Sigmund J. Solares*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 30, 2010, I electronically filed a true and correct copy of the foregoing Answer and Defenses to the Amended Complaint with the Clerk of the United States District Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the following parties in the manner of service indicated below:


    */s/ Joshua A. Mize*
ATTORNEY


<u>**Via the CM/ECF system which will send a Notice of Electronic Filing to:**</u>

Joseph T. King
Jason H. Korn
Howard A. Kroll
David Todd Lupo
John Nicholas Muratides
Mimi L. Sall
William J. Schifino, Jr.
David J. Steele
Frederick L. Tolhurst