**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VERIZON TRADEMARK SERVICES, LLC**
**and VERIZON LICENSING COMPANY,**

      **Plaintiffs,**

**vs.**                                                                  **Case No.: 8:10-CV-665-T-33EAJ**

**THE PRODUCERS, INC., et al.,**

      **Defendants.**

_____/

**ORDER**

Before the court are Non-Party Keypath, L.L.C.'s ("Keypath") **Motion to Quash or Modify Subpoena, or Alternatively, Motion for Protective Order** (Dkt. 135), Non-Party Vernon H. Decossas III's ("Decossas") **Motion to Quash or Modify Subpoena, or Alternatively, Motion for Protective Order** (Dkt. 136), Non-Party Donny Simonton's ("Simonton") **Motion to Quash or Modify Subpoena, or Alternatively, Motion for Protective Order** (Dkt. 138), and Plaintiffs' **Responses** (Dkt. 147-49).  Also before the court are Plaintiffs' **Motion to Compel Deposition Testimony and the Production of Documents from Non-Party Keypath** (Dkt. 156), Plaintiffs' **Motion to Compel Documents and Testimony from Non-Party Vernon H. Decossas, III** (Dkt. 155), and Plaintiffs' **Motion to Compel Documents and Testimony from Non-Party Donny Simonton** (Dkt. 154), Keypath's **Opposition to Plaintiffs' Motion to Compel** (Dkt. 163), and Simonton and Decossas's **Opposition to Plaintiffs' Motion to Compel** (Dkt. 164).  For the reasons explained below, the motions are **GRANTED** in part and **DENIED** in part.

**Background**

During the course of this litigation, Plaintiffs discovered that in 2010, one of Keypath's

former employees, Mark Deshong, filed suit against Keypath, Parked.com, LLC ("Parked"), and some of the Defendants in this case, including The Producers, Inc. ("TPI") and Michael H. Gardner.[1] On January 6, 2011, Plaintiffs filed a motion requesting that the court take judicial notice of the complaint filed in the Deshong suit.  On January 27, 2011, the District Judge entered an order granting the motion.[2]

Like Plaintiffs in this action, Deshong alleged that Defendants are serial cybersquatters doing business as group of related companies and that Defendants use false identities and shell companies to conceal their cybersquatting activities.  Deshong further alleged that in 2009, TPI shifted employees to Keypath, and the employees continued to perform the same job functions in the same office.  Deshong's suit was resolved through a settlement.

Based on the allegations in the Deshong complaint, Plaintiffs suspect that Keypath may be an alter ego of Defendants, Parked, or other entities and individuals.  Plaintiffs also believe that Keypath may have information that would enable Plaintiffs to identify one or more Doe Defendants.  Accordingly, Plaintiffs served Keypath with a subpoena duces tecum requesting that Keypath designate a corporate representative to appear for a deposition.  Plaintiffs also served Decossas and Simonton, officers of Keypath, with subpoenas duces tecum noticing their depositions.  Each subpoena enumerated the topics on which deposition testimony was sought.

---

[1] Deshong also asserted claims against Intercosmos Media Group, Inc. and Directnic Ltd., former Defendants in this case.  On August 18, 2011, the court entered an order granting Directnic Ltd.'s motion to dismiss for lack of personal jurisdiction, and on August 25, 2011, the court entered an order granting Intercosmos Media Group, Inc., Directnic, L.L.C., and Domain Contender, L.L.C.'s motion to dismiss for lack of personal jurisdiction.

[2] The court did not take judicial notice of the accuracy of the factual allegations contained in the Deshong complaint.  Rather, the court took judicial notice only of the fact that such allegations were asserted.

Keypath, Simonton, and Decossas objected to some of the deposition topics and requests for production contained in the subpoenas and filed separate motions asking the court quash or modify the subpoenas or to enter a protective order precluding discovery. Despite their objections, Decossas and Simonton appeared for their respective depositions and testified both in their individual capacities and as corporate representatives of Keypath. Keypath also produced 138 pages of documentation in response to Plaintiffs' discovery requests. Following the depositions, Plaintiffs filed cross motions to compel document production from Decossas and Simonton and deposition testimony and document production from Keypath.

### Discussion

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). A party issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). A court must quash or modify a subpoena that subjects a person to undue burden or requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(c)(3)(A). A court may quash or modify a subpoena if it requires disclosing confidential commercial information. Fed. R. Civ. P. 45(c)(3)(B). Instead of quashing or modifying a subpoena, a court may order appearance or production under specified conditions if the serving party shows a substantial need for the information that cannot otherwise be met without undue hardship and the serving party ensures that the subpoenaed person will be reasonably compensated. Fed. R. Civ. P. 45(c)(3)(C). Generally, a court should modify a subpoena rather than quash it outright. Fadalla v. Life Auto. Prods., Inc., 258 F.R.D. 501, 507 (M.D. Fla. 2007) (quoting Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)).

A party issuing a subpoena <u>duces</u> <u>tecum</u> has the burden to prove that the requested documents are relevant.  <u>Id.</u> at 504.  The party moving to quash or modify the subpoena bears the burden of proving that compliance with the subpoena involves an undue burden or the disclosure of protected information.  <u>Id.</u>  A court must balance the need for the discovery against the burden imposed by production and the need to keep the information confidential.  <u>Id.</u>  The fact that a person or entity served with a subpoena is a non-party is a factor that weighs against disclosure.  <u>Id.</u>  A court may also consider the relevance, breadth, and particularity of the requests.  <u>Id.</u>

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party seeking the protective order has the burden of showing good cause.  <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citation omitted).  Good cause must be demonstrated with particularity, and stereotyped, conclusory statements will not suffice.  <u>Id.</u>  When determining good cause, courts may balance the interests of the parties as well as consider the likelihood and severity of the perceived harm.  <u>See</u> <u>In re Alexander Grant & Co. Litig.</u>, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam).

The parties raise almost identical arguments with respect to the non-parties' motions to quash and Plaintiffs' cross motions to compel.  Also, the subpoenas served on Decossas and Simonton (the "Keypath Individuals") seek the same information, and the Keypath Individuals asserted the same objections.  As a result, the motions to quash are treated together with the cross motions to compel, but the subpoenas served on the Keypath Individuals are treated separately from the subpoena served on Keypath.

**1.     Subpoenas Served on Decossas and Simonton**

### a.    Request for Production Nos. 1, 2, and 4

Request for production No. 1 seeks:

> All documents that identify any entity which [Simonton or Decossas] has been an officer, director, managing member, shareholder, owner, or employee from 2000 to the present.

Request for production No. 2 seeks:

> All documents relating to any dividends, loans, capital contributions, or payments received by or made to [Simonton or Decossas] from or by any of the DEFENDANTS, Parked.com, Ltd. ("PARKED"), or Keypath L.L.C. ("KEYPATH").

Request for production No. 4 seeks:

> All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to registrar operations, registrar accreditations, or business operations of DEFENDANTS, PARKED, and/or KEYPATH.

The Keypath Individuals object to requests for production Nos. 1, 2, and 4 as overbroad, unduly burdensome, and seeking irrelevant information. The Keypath Individuals argue that request for production Nos. 1 and 2 have no relevance to Plaintiffs' cybersquatting claims.

As to request for production No. 1, the Keypath Individuals agreed to testify about whether each has served as a control person or employee of Defendants from 2000 to the present. But the Keypath Individuals object to providing information about their involvement with any other entities because such information does not have any relevance to Defendants in this case or Plaintiffs' belief that Keypath might be an alter ego of Defendants or other entities and individuals as Keypath has distinct owners, directors, and officers from TPI. Additionally, during his deposition, Decossas testified that Keypath did not have a business relationship with Defendants Michael Gardner or Noah Lieske. Decossas also testified that Keypath does not have a parent company or any subsidiaries.

As to request for production No. 4, the Keypath Individuals state that they are under a

contractual obligation not to disclose Keypath's confidential business information, contracts, or client documents.  Also, the Keypath Individuals claim that they do not possess responsive documents in their individual capacities.

Plaintiffs respond that the Keypath Individuals have not demonstrated with particularity that request for production Nos. 1, 2, and 4 are overbroad, burdensome, or seek irrelevant information. Plaintiffs also maintain that the requested information is necessary to determine whether Keypath is an alter ego of any other entities or individuals and whether the Keypath Individuals are associated with any shell companies.  Plaintiffs claim that this information may also enable them to identify one or more Doe Defendants.

The Deshong complaint alleged that TPI shifted employees and operations to Keypath in 2009, and Decossas testified in his deposition that Keypath was doing business with Parked.  Also, Simonton admitted at his deposition that he purchased an ownership stake in TPI.  Based on the foregoing, Plaintiffs are justified in asserting that Keypath may be affiliated with Defendants and Parked.

Consequently, it is relevant whether the Keypath Individuals have served as control persons or employees for Parked or TPI, and request for production No. 1 seeks relevant information as applied to those entities.  However, request for production No. 1 is overbroad as applied to all other entities in which the Keypath Individuals may have served as control persons or employees.  The Keypath individuals must respond to requests for production No. 1 only as it applies to Parked and TPI.

The Keypath Individuals' financial transactions with Keypath, Defendants, and Parked are relevant to Keypath's potential affiliation with Defendants and Parked.  The Keypath Individuals

6

have not shown that producing such information would be burdensome.  As a result, the Keypath Individuals must provide a complete response to request for production No. 2.

As to request for production No. 4, the Keypath Individuals state that they do not maintain Keypath's corporate records in their individual capacities.  However, the Keypath Individuals must respond to request for production No. 4 consistent with Rule 34, Fed. R. Civ. P., by stating that fact.

### b.   Request for Production No. 13

Request for production No. 13 seeks:

> All settlement agreements between Mark Deshong and KEYPATH, DNLLC, TPI, IMG, DNLTD, PARKED, and/or GARDNER.

The Keypath Individuals object to request for production No. 13 based on a confidentiality provision in the settlement agreement with Deshong that forbids any of the parties from discussing or disclosing the terms of the settlement.  The Keypath Individuals agreed to be bound by the stipulated protective order in this case, but Deshong, who is not a party to this action, did not.[3] Consequently, the Keypath Individuals claim that they cannot provide the settlement agreement without Deshong's consent and that producing the settlement would violate the confidentiality provision and expose the Keypath Individuals to legal liability.  If the court orders disclosure of the settlement agreement, the Keypath Individuals ask that the agreement be produced subject to the stipulated protective order.

Plaintiffs respond that confidentiality is not a complete bar to discovery.  Furthermore, Plaintiffs contend that it is unpersuasive for the Keypath Individuals to agree to be bound by the

---

[3]   At the status conference on August 10, 2011, counsel for Keypath and the Keypath Individuals stated that the non-parties agreed to be bound by the stipulated protective order in this case (See Dkt. 96, 99).  The parties also represented that Deshong appeared for a deposition in this case, but he refused to testify.

stipulated protective order and then object to discovery based on confidentiality.  Plaintiffs also argue that the Keypath Individuals' confidentiality objections are undermined by the fact that some of the defendants in the Deshong suit are also Defendants in this case.

A confidentiality provision in a settlement agreement is not a complete bar to discovery if the agreement is relevant to the subject matter of the action.  See, e.g., Gutter v. E.I. DuPont de Nemours and Co., No. 95-2152-CIV-GOLD, 2001 WL 36086590, at *1 (S.D. Fla. Jan. 31, 2001). However,  the relevance of the settlement agreement to Plaintiffs' claims is dubious.  Plaintiff has not demonstrated that the terms of the settlement in the Deshong case are pertinent, even if the allegations of the complaint are similar.[4]   Even if relevant, the Keypath Individuals have demonstrated good cause to preclude discovery of the settlement agreement at this stage of the litigation.

**2.     Subpoenas Served on Keypath**

    **a.     Deposition Topic No. 8 and Requests for Production Nos. 2 and 3**

Deposition topic No. 8 seeks testimony regarding:

> Agents, servants, employees, partners, alter egos, subsidiaries, joint ventors [sic], shell-companies, and false identities of KEYPATH, DEFENDANTS, and PARKED.

Request for production No. 2 seeks:

> All documents relating to meetings of the KEYPATH board of directors, including but not limited to minutes, agendas, announcements, invitations, and resolutions.

Request for production No. 3 seeks:

> All documents that identify any officer, director, shareholder, employee, subsidiary company, office location of KEYPATH from 2000 to present.

---

[4] In contrast, the allegations of the Deshong complaint are relevant, as discussed hereafter.

Keypath objects to deposition topic No. 8 and request for production No. 3 as overbroad and irrelevant to the extent these requests seek disclosure of Keypath's employee information. Keypath argues that its employee information is not relevant to Plaintiffs' cybersquatting claims or to Plaintiffs' belief that Keypath may be an alter ego of Defendants or other entities and individuals. According to Keypath, the alter-ego allegation in Plaintiffs' complaint is insufficiently pleaded and is not directed at Keypath. Keypath also argues that it has produced testimony sufficient to show that it is not an alter ego of any other entities or individuals. Specifically, Keypath points to Decossas's deposition testimony stating that Keypath does not have a parent company or any subsidiaries.

Keypath also objects to deposition topic No. 8 and request for production No. 3 on the basis that these discovery requests are overbroad and may require the disclosure of sensitive employee information, such as social security numbers, birth dates, and contact information.

Despite these objections, Keypath agreed to produce documents identifying its corporate structure and office locations. Furthermore, Decossas offered testimony regarding the identity of Keypath's officers and directors, capitalization, and office locations.

As to deposition topic No. 8, Keypath also objected to the term "false identities" as vague. However, Plaintiffs' complaint alleges that Defendants used false identities and shell companies to conceal their cybersquatting activities. These allegations provide enough context for Keypath to interpret the term "false identities."

Plaintiffs respond that Keypath's objections are conclusory, and they maintain that the discovery requests are relevant to Plaintiffs' belief that Keypath may be an alter ego of Defendants or other entities and individuals. As to Keypath's objection based on sensitive employee

information, Plaintiffs respond that confidentiality is not a complete bar to discovery in light of the stipulated protective order.

As discussed above, Plaintiffs reasonably believe that Keypath is affiliated with Parked and Defendants.  Keypath's employee information is therefore relevant.  Keypath has not demonstrated with particularity that responding to deposition topic No. 8 or request for production No. 3 would be burdensome, and Keypath must respond to these discovery requests except as to social security numbers, dates of birth, or contact information.

Keypath did not address request for production No. 2 either in its motion to quash or its response to Plaintiffs' motion to compel.  As such, Keypath is deemed to have no objection to this request, and Keypath must provide a complete response to request for production No. 2.

### b.      Request for Production No. 5

Request for production No. 5 seeks:

> All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to registrar operations, registrar accreditations, or business operations of DEFENDANTS, PARKED, and/or KEYPATH.

Keypath objects to request for production No. 5 as overbroad, unduly burdensome, and seeking irrelevant information.  Keypath reiterates its argument that the information sought is irrelevant because the alter-ego allegation in Plaintiffs' complaint is not directed at Keypath.

Plaintiffs respond that Keypath's objections are conclusory, and Plaintiffs maintain that request for production No. 5 is relevant to Plaintiffs' suspicion that Keypath is an alter ego of Defendants or other entities and individuals.[5]  Plaintiffs also contend that the information may

---

[5]  Plaintiffs also submit that any confidentiality objections that Keypath might have can be addressed by producing Keypath's business information pursuant to the stipulated protective order. The Keypath Individuals objected to producing Keypath's business information on the basis of

enable them to ascertain the identity of one or more Doe Defendants.

Literally construed, request for production No. 5 seeks all documents relating to the business operations of Defendants, Keypath, and Parked. The request is overbroad, and it does not describe with particularity the documents sought. See Fed. R. Civ. P. 34(b)(1)(A). As a result, the request is modified to the extent that Keypath need only produce documents relating to its communications, business dealings, and financial transactions with Parked and Defendants.

### c.       Deposition Topic No. 13 and Request for Production No. 14

Deposition topic No. 13 seeks testimony concerning the:

> Complaint and allegations therein, filed by Mark Deshong against KEYPATH, DNLLC, TPI, IMG, DNLTD, PARKED, and GARDNER.

Request for production No. 14 seeks:

> All settlement agreements between Mark Deshong and KEYPATH, DNLLC, TPI, IMG, DNLTD, PARKED, and/or GARDNER.

Keypath objects to deposition topic No. 13 and request for production No. 14 based on the confidentiality provision in the settlement agreement with Deshong. Keypath also contends that the settlement agreement is irrelevant to Plaintiffs' cybersquatting claims, and Keypath alleges that Plaintiffs are seeking a copy of the settlement to gain leverage in any settlement negotiations in this case. If the court orders Keypath to respond to these discovery requests, Keypath asks that any testimony or documents be produced subject to the terms of the stipulated protective order. Plaintiffs respond by reasserting their arguments made in connection with request for production No. 13 in the subpoenas served on the Keypath Individuals.

---

confidentiality, but Keypath itself did not raise any such objections in either its motion to quash or its response to Plaintiffs' motion to compel.

As discussed above, the court will not require disclosure of the settlement agreement, and the subpoena is modified to exclude request for production No. 14.   However, although the settlement agreement will not be ordered produced, the court finds that Keypath should be compelled to provide testimony regarding the allegations in the Deshong complaint, despite any provision to the contrary which may be in the settlement agreement, as Keypath's knowledge of the matters asserted in the Deshong complaint is relevant to this action.   Keypath has not provided good cause to preclude such testimony, and Plaintiffs' request to compel testimony on deposition topic No. 13 is granted.   Such testimony may be offered subject to the stipulated protective order, if the parties agree.

**3.      Plaintiffs' Request for Sanctions**

Plaintiffs request an award of $39,795.75 in attorney's fees incurred in filing the motions to compel as sanctions pursuant to Federal Rules of Civil Procedure 30(d)(2) and 37(a)(5) as well as 28 U.S.C. § 1927.   The non-parties respond that Plaintiffs' request for sanctions should be denied because Rule 37 does not apply to subpoenas served on non-parties and because the non-parties objected to the subpoenas in good faith.

Regardless of the legal basis for Plaintiffs' request for sanctions, sanctions are not warranted at this time.   Plaintiffs' request for sanctions is denied without prejudice subject to reconsideration should Keypath or the Keypath Individuals fail to comply with court orders or discovery obligations.

<u>Conclusion</u>

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)      Keypath's **Motion to Quash or Modify Subpoena, or Alternatively, Motion for Protective Order** (Dkt. 135), Decossas' **Motion to Quash or Modify Subpoena,**

12

or Alternatively, Motion for Protective Order (Dkt. 136), Simonton's **Motion to Quash or Modify Subpoena, or Alternatively, Motion for Protective Order** (Dkt. 138), Plaintiffs' **Motion to Compel Deposition Testimony and the Production of Documents from Non-Party Keypath** (Dkt. 156), Plaintiffs' **Motion to Compel Documents and Testimony from Non-Party Vernon H. Decossas, III** (Dkt. 155), and Plaintiffs' **Motion to Compel Documents and Testimony from Non-Party Donny Simonton** (Dkt. 154) are **GRANTED** in part and **DENIED** in part.

(2)     Keypath and the Keypath Individuals shall provide deposition testimony and supplemental responses to Plaintiffs' requests for production as specified in this order.  The supplemental responses to Plaintiffs' requests for production shall be provided within fourteen days of this order, unless a different time is agreed to by the parties.

(3)     Keypath, Simonton, and Decossas shall appear for depositions on dates agreed to by the parties within 30 days.

**DONE AND ORDERED** in Tampa, Florida on this 7th day of September, 2011.


ELIZABETH A JENKINS
United States Magistrate Judge