# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIZON TRADEMARK SERVICES LLC and
VERIZON LICENSING COMPANY,

        Plaintiffs,

v.                                    Case No. 8:10-cv-00665-VMC-EAJ

THE PRODUCERS, INC., ET AL.

        Defendants.

---

## DEFENDANT, THE PRODUCERS, INC.'S, FIRST SET OF INTERROGATORIES PROPOUNDED TO VERIZON TRADEMARK SERVICES, LLC AND VERIZON LICENSING COMPANY, INC.

Defendant, The Producers, Inc. ("TPI"), by counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds and serves the following interrogatories upon Plaintiffs, Verizon Trademark Services, LLC and Verizon Licensing Company, Inc. (collectively "Verizon"), to be answered under oath by the Plaintiffs within thirty (30) days of service hereof.

## INSTRUCTIONS AND DEFINITION OF TERMS

1.      As used herein the term "Defendant" and "TPI" refer to The Producers, Inc. and their respective subsidiaries, affiliates, predecessors, successors, principals, members, directors, officers, agents, partners, trustees, employees, representatives and any person acting on their behalf, including their attorneys, pursuant to its respective authority or subject to their respective control.

2.      As used herein the term "Plaintiffs" means Verizon Trademark Services, LLC ("VTS") and Verizon Licensing Company ("VLC")(collectively "Verizon") and their respective subsidiaries, affiliates, predecessors, successors, principals, members, directors, officers, agents, partners, trustees, employees, representatives and any person acting on their behalf, including their attorneys, pursuant to their respective authority or subject to their respective control.

3.      As used herein the term "Persons" will refer to and will include, without limitation, in the singular as well as in the plural, natural persons, partnerships, joint ventures, corporations, estates, trusts, fellowships, clubs, societies, leagues, firms, groups, associations, agencies, enterprises, and all other entities and organizations (whether public, private, government, or otherwise), unless the context specifically indicates otherwise.

4.     As used herein the term "Documents" will refer to and will include, without limitation, in the singular as well as in the plural, all memoranda (including written memoranda of telephone conversations, other oral communications, discussions, agreements, acts and activities), term sheets, emails, letters, postcards, telegrams, intra-office and interoffice communications, correspondence, handwritten or typewritten notes, pamphlets, diaries, records of every kind, sound recordings, transcripts of sound recordings, contracts, agreements, books, letters, reports, catalogs, price lists, financial statements, books of account, journals, ledgers, purchase orders, invoices, receipts, manifests, bills of lading, indices, data processing cards, drives, disks, diskettes, tapes, software, data files, other electronic or digital materials, audio and video tapes, photographs, photostats, microfilm, videotapes, maps, directives, bulletins, circulars, notices, messages, reports, tabulations, notes, economic or statistical studies, surveys, polls, minutes, instructions, requests, cancelled checks, calendars, desk pads, appointment books, scrapbooks, notebooks, specifications, drawings, diagrams, sketches, and writings of every kind and character, including preliminary drafts and other copies of the foregoing, however produced or reproduced, including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

5.     As used herein the term "Registrant Entities" shall mean NOLDC, Inc.; Spiral Matrix; Kenyatech a/k/a Kentech; Speedy Web; Unused Domains, and Belize Domain WHOIS Service Ltd.  These entities were purported through averments in the Amended Complaint as "False Identities."

6.     "ICANN" shall mean the Internet Corporation for Assigned Names and Numbers.

7.     "gTLD" shall mean generic top-level domain, such as .com, .net, or .org.

8.     "ccTLD" shall mean country code top-level domain.

9.     "IDN" shall mean an international domain name.

10.     As used herein the term "Name Servers" shall mean the domain name system name server that stores the domain name system records for a domain name.

11.     As used herein the term "Hosting" shall mean an internet hosting service that runs internet servers allowing organizations or individuals to serve their end user content on the Internet.

12.     As used herein the term "Registry Operator" shall mean an entity that operates a gTLD or ccTLD system for the registration of domain names within a particular gTLD or ccTLD.

13.     As used herein the term "Registrar" shall mean an entity accredited by ICANN to provide a domain name registration service for the registration of a domain name within a gTLD or ccTLD.

14.     As used herein the term "Registration" or "Registered" shall refer to the registration or renewal of a registration for a domain name, or any other act that entitles a party to the exclusive control and use of a domain name for any length of time.

15.     As used herein the term "Registered Domain Name" shall mean a domain name within a gTLD, ccTLD or IDN wherein a registration fee has been irrevocably paid and accepted by a Reseller or Registrar.

16.     As used herein the term "Registrant" shall mean the entity listed as the "registrant" according to a WHOIS lookup on a domain name within a gTLD or ccTLD.

17.     In the following interrogatories, wherever Verizon is asked to identify documents, it is requested that the documents be identified by stating:
   a.   General type of document, i.e., letter, memorandum, report, miscellaneous, notes, etc.;
   b.   Date;
   c.   Author;
   d.   Organization, if any, with which author was connected;
   e.   Addressee or recipient;
   f.   Other distributees;
   g.   Organization, if any, with which addressee or recipient, or distributees were connected;
   h.   General  nature of the subject matter to extent that Verizon can do so without divulging matter considered by it to be privileged; and
   i.   Present location of such document and each copy thereof known to Verizon, including the title, index number and location, if any of the file in which the document is kept by the Plaintiffs or the file in which the document is kept by the Plaintiffs or the file for which such document was removed, if removed for the purposes of this case, and the identity of all persons responsible for the filing or other disposition of the document.

18.     In the following interrogatories, wherever Verizon is asked to identify persons, it is requested that the persons be identified by stating:
   a.   Their full  name, home and business addresses, if known;
   b.   Their employment, job title or description; and
   c.   If employed by Verizon, their dates and regular places of employment and general duties.

19.     In the following interrogatories, wherever Verizon is asked to identify companies or the response to an interrogatory would require the identification of a company, it is requested that the company be identified by stating:
   a.   It's full corporate name;
   b.   A brief description of the general nature of its business;
   c.   It's state of incorporation;
   d.   The address and principal place of business; and
   e.   The identity of the officers or other person(s) having knowledge of the matter with respect to which the company has been identified.

20.     Should Verizon deem to be privileged any Documents concerning information which is requested by any of the following interrogatories, Verizon shall list such Documents

and supply information as requested concerning such Documents, and additionally shall indicate that they claim privilege therefore, briefly stating the nature of the Document, the sender, the author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such Document, a summary statement of the subject matter(s) of such Document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such Document.

## INTERROGATORIES

**Interrogatory No. 1:**   State all facts that Verizon believes supports, refutes or relates to any relationship — business, contractual or otherwise — between The Producers, Inc. and the Registrant Entities.

**Response:**

**Interrogatory No. 2:**   State whether the documents and electronically stored information received in response to The Producers, Inc.'s First Request for Production contained all Documents and other electronically stored information within the possession, custody or control of Verizon or any of their respective related entities that supports, refutes or relates to the allegations contained in the Amended Complaint filed in this lawsuit.

**Response:**

**Interrogatory No. 3:** Identify the shell-companies, Registrant Entities, fictitious names or other corporate entities that Verizon contends The Producers, Inc. created or used as Registrants for any Registered Domain Name that is confusingly similar to Verizon's trademarks.

**Response:**

**Interrogatory No. 4:**   For each shell-company, Registrant Entity or fictitious name or entity listed in the response to Interrogatory No. 3, state all facts that Verizon believes supports, refutes or relates to the relationship – business, contractual or otherwise – between the Registrant and The Producers, Inc. as identified in response to Interrogatory No. 3.

**Response:**

**Interrogatory No. 5:**    Identify any facts that support, refute or relate to The Producers, Inc. receiving any monetary or commercial gain through the diversion, use, trafficking in or monetization of Verizon's trademarks.

**Response:**

**Interrogatory No. 6:**   State all facts that support, refute or relate to The Producers, Inc. owning, either directly or indirectly, Name Servers associated with the diversion, use, trafficking in or monetization of Verizon's trademarks.


**Response:**

**Interrogatory No. 7:** Does Verizon contend that The Producers, Inc. acted as a Registrant for any gTLD, ccTLD or IDN that is confusingly similar to Verizon's trademarks?  If so, identify with particularity each of the confusingly similar Registered Domain Names where The Producers, Inc. acted as the Registrant, together with the Name Server, Hosting service, Registry Operator and Registrar for each identified Registered Domain Name.

**Response:**

**Interrogatory No. 8:** Explain any facts supporting, refuting or relating to Verizon's contention that The Producers, Inc. maintains or maintained a bad faith intent to profit from Registered Domain Names that are confusingly similar to Verizon's trademarks.

**Response:**

**Interrogatory No. 9:** For the electronically stored information produced by Verizon on compact diskettes each bates-labeled Verizon 001536, Verizon 001537, Verizon 001538 and Verizon 001539, provide the date or date(s) when: (i) Verizon first learned of this information and (ii) Verizon first gained possession of the electronically stored information along with the source and purpose behind Verizon receiving each separate set of electronically stored information for each of the bates-labeled compact diskettes.

**Response:**

**Interrogatory No. 10:**   For the spreadsheet of data produced by Verizon bates-labeled Yahoo!000001/Verizon 001496 through Yahoo!000040/Verizon 001535 provide the date or date(s) when: (i) Verizon first learned of this information and (ii) Verizon first gained possession of this set of documents along with the source and purpose behind Verizon receiving the documents.

**Response:**

## <u>VERIFICATION</u>

By: _____

Name: _____

Title: _____

STATE OF _____ )
                                       )
COUNTY OF_____ )

BEFORE ME, the undersigned authority, personally appeared _____,

as _____ of _____, who is personally known to me or

who has produced _____ as identification and who did take an oath.

SWORN TO AND SUBSCRIBED before me this _____, day of _____

_____, 2012.

_____
NOTARY PUBLIC

_____
Print Name

My Commission Expires:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this _22nd_ day of February, 2012, a true and correct

copy of the foregoing was furnished by facsimile and U.S. Mail to the following:

| | |
|---|---|
| John N. Muratides<br>Attorney for Plaintiffs<br>STEARNS WEAVER MILLER WEISSLER<br>ALHADEFF & SITTERSON, P.A.<br>401 E. Jackson Street, Suite 2200<br>Post Office Box 3299<br>Tampa, Florida 33601<br>E-mail: jmuratides@swmwas.com<br><br>Mimi L. Sall<br>Attorney for Plaintiffs<br>STEARNS WEAVER MILLER WEISSLER<br>ALHADEFF & SITTERSON, P.A.<br>200 East Las Olas Boulevard, Suite 2100<br>Fort Lauderdale, FL 33301<br>E-mail: msall@swmwas.com<br><br>V. Stephen Cohen, Esquire<br>Attorney for Defendant, Lieske<br>BAJO CUVA COHEN & TURKEL P.A.<br>100 North Tampa Street, Suite 1900<br>Tampa, Florida 33602<br>Email: scohen@bajocuva.com | David J. Steele (Admitted *pro hac vice*)<br>Attorney for Plaintiffs<br>CHRISTIE, PARKER & HALE, LLP<br>18101 Von Karman Avenue, Suite 1950<br>Irvine, CA 92612-0163<br>Email: david.steele@cph.com<br>Trial Counsel<br><br>Howard A. Kroll (Admitted *pro hac vice*)<br>Attorney for Plaintiffs<br>CHRISTIE, PARKER & HALE, LLP<br>655 N. Central Ave., Suite 2300<br>Glendale, CA 91203-1445<br>Email: howard.kroll@cph.com<br>Trial Counsel<br><br>J. Carter Andersen, Esquire<br>Attorney for Defendant, Solares<br>BUSH ROSS, P.A.<br>1801 North Highland Avenue<br>Tampa, FL 33602<br>Email: candersen@bushross.com |

William J. Schifino, Jr., Esq.
bschifino@wsmslaw.com
Florida Bar No. 564338
Joseph T. King, Esq.
jking@wsmslaw.com
Florida Bar No. 0637051
Williams Schifino Mangione & Steady, P.A.
P.O. Box 380 | Tampa, Florida 33601-0380
(813) 221-2626 (telephone)
(813) 221-7335 (facsimile)
Counsel for The Producers, Inc. and Michael
H. Gardner
::ODMA\PCDOCS\DOCS\280569\3\15440